# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DOMINIK LACELL SPIVEY, <br><br> Defendant. | Case No. 3:18-cr-00089-SLG |

## ORDER REGARDING MOTION REQUESTING JUDICIAL RECOMMENDATION

Before the Court at Docket 83 is defendant Dominik Lacell Spivey's Motion for Judicial Recommendation for Transfer to Residential Reentry Center or Home Confinement. Mr. Spivey seeks a recommendation from this Court that the Bureau of Prisons (BOP) place him in a residential reentry center or home confinement for the remainder of his sentence, which is approximately 18 months.[1] The government responded in opposition at Docket 85. The U.S. Probation Office filed a sealed investigation report at Docket 87.

On February 19, 2019, this Court sentenced Mr. Spivey to 48 months imprisonment after he pleaded guilty to one count of Fugitive in Possession of a Firearm.[2] Mr. Spivey is housed at the Nevada Southern Detention Center

---

[1] Docket 83 at 1; Docket 87 at 2.

[2] Docket 67.

(NSDC), a private facility that contracts with the U.S. Marshals Service and is not operated by the BOP.[3] Mr. Spivey's release date is estimated as January 17, 2022.[4] Mr. Spivey asserts that placement in a reentry center or release to home confinement to reside with his fiancé is warranted so that he can minimize his risk of contracting COVID-19 while incarcerated and because there are no programming or treatment options available to him at the NSDC.[5] The government responds that Mr. Spivey has not alleged or substantiated any claim "that he is vulnerable to severe complications from a COVID-19 infection" and that he is a danger to the public.[6] The U.S. Probation Office concluded that it "is not opposed to a judicial recommendation to the BOP for alternative placement considerations . . . ."[7]

Mr. Spivey seeks a judicial recommendation pursuant to "the Second Chance Act (SCA), the First Step Act (FSA), the Coronavirus Aid, Relief, and Economic Security Act ('CARES Act') and Attorney General Barr's Memoranda regarding Prioritization of Home Confinement."[8] Of those, only the Second

---

[3] Docket 83 at 2.

[4] www.bop.gov/inmateloc/ (last accessed July 23, 2020).

[5] Docket 83 at 2.

[6] Docket 85 at 1–2.

[7] Docket 87 at 3.

[8] Docket 83 at 1.

Case No. 3:18-cr-00089-SLG, *United States v. Spivey*
Order Re Motion Requesting Judicial Recommendation
Page 2 of 6

Chance Act authorizes or contemplates the recommendation of the sentencing court as a factor to be considered by the BOP.

Congress has made BOP responsible for determining where to place federal inmates after entry of judgment.[9] The Second Chance Act of 2007 increased inmates' eligibility for placement in a residential reentry center from 6 to 12 months "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."[10] Prior to the CARES Act, BOP may place an inmate in home confinement "for the shorter of 10 percent of the term of imprisonment . . . or 6 months."[11] The CARES Act now authorizes the Director of the Bureau of Prisons to lengthen the maximum amount of time that a prisoner could be placed in home confinement as the Director finds appropriate.[12] However, the Second Chance Act does not require that the BOP place a particular inmate in a residential reentry center or home confinement, and while the Court may make a recommendation for placement, "a district court's recommendation to the [BOP] is just that—a recommendation."[13]

In considering Mr. Spivey's request pursuant to the Second Chance Act, the Court has reviewed each party's sentencing memoranda and the Presentence

---

[9] 18 U.S.C. § 3621(b).

[10] Pub. L. 110-199, § 251, 122 Stat. 657 (2008), codified at 18 U.S.C. § 3624(c)(1).

[11] Pub. L. 110-199, § 251, 122 Stat. 657 (2008), codified at 18 U.S.C. § 3624(c)(2).

[12] Pub. L. 116-136, § 12003, 134 Stat. 281, 516 (2020).

[13] *United States v. Cebellos*, 671 F.3d 852, 855 (9th Cir. 2011).

Report, which were submitted to the Court in early 2019 for sentencing. The crime of conviction involved Mr. Spivey being in possession of firearms while he had outstanding felony warrants for his arrest.[14] The U.S. Probation Office reports that Mr. Spivey has a history of juvenile mental health diagnoses, possession of firearms, and a "significant history of domestic violence, with some instances involving the possession and threatened use of a firearm."[15] The U.S. Probation Office also assessed Mr. Spivey as "pos[ing] a risk of danger to the community, particularly domestic partners."[16] Notably, Mr. Spivey's history includes escape and violating conditions of release, and he has previously fled both Washington and Alaska to avoid prosecution and cut off a home-monitoring ankle bracelet.[17] The Court has no current information regarding Mr. Spivey's mental health or his status in any treatment programs. Based the current record, the Court does not find Mr. Spivey to be a good candidate for a residential re-entry center or home confinement given his history of failing to comply with release conditions, absconding, and cutting off a home-monitoring ankle bracelet.

The Court has also considered the BOP's internal criteria for assessing inmates for release to home confinement in light of the COVID-19 pandemic.[18]

---

[14] Docket 55 at 9–10.

[15] Docket 87 at 2; *see also* Presentence Report, Docket 55 at 16.

[16] Docket 87 at 2.

[17] Docket 55 at 9

[18] Memorandum from Attorney Gen. William P. Barr to Dir. of Bureau of Prisons (Mar. 26, 2020), available at www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf

The BOP's non-exhaustive list of factors includes the age and vulnerability of the inmate to COVID-19, the security level of the facility currently holding the inmate, the inmate's conduct in prison, the inmate's PATTERN score,[19] the inmate's re-entry plan, and the inmate's crime of conviction. Here, Mr. Spivey is only 22 years old and has not substantiated any claimed medical issues that make him particularly susceptible to COVID-19. Mr. Spivey has had multiple disciplinary actions in custody since his sentencing in this case.[20] Mr. Spivey's proposed re-entry plan requires that he reside with his fiancé, which the Court finds unworkable in light of the Probation Office's assessment that Mr. Spivey poses a risk to domestic partners. Finally, Mr. Spivey's crime of conviction involved his illegal possession of multiple firearms. These factors do not support release to home confinement.

Moreover, Mr. Spivey bases his motion on the claim that he has "has not felt good since a few days after his arrival in Nevada. He has sinus issues, coughs, and has severe body aches."[21] Mr. Spivey has submitted no medical records to support this claim and has not demonstrated any medical or other reason for the Court to recommend residential re-entry placement or home confinement. The

---

(last accessed July 30, 2020).

[19] PATTERN is the Department of Justice's Prisoner Assessment Tool Targeting Estimated Risk and Needs.

[20] Docket 87 at 1.

[21] Docket 83 at 8.

Case No. 3:18-cr-00089-SLG, *United States v. Spivey*
Order Re Motion Requesting Judicial Recommendation
Page 5 of 6
Case 3:18-cr-00089-SLG   Document 88   Filed 07/31/20   Page 5 of 6

generalized risks of COVID-19 to those in a correctional institution do not independently justify making such a recommendation.[22]

In light of the foregoing, IT IS ORDERED that Mr. Spivey's request for a Court recommendation set forth in the motion at Docket 83 is DENIED.

DATED this 31st day of July, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[22] *Cf. United States v. Fuller*, No. CR17-0324JLR, 2020 WL 2557337, at *5 (W.D. Wash. May 20, 2020) (finding that nonspecific claims that conditions of confinement are "ripe" for COVID-19 infections and generalized concerns about the COVID-19 pandemic are not sufficient to establish the extraordinary and compelling reasons necessary to justify compassionate release); *United States v. Boatwright*, No. 219CR00301GMNDJA, 2020 WL 1639855, at *5 (D. Nev. Apr. 2, 2020) ("The Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents, particularly within the jail and prison setting. However, in that context, a [pretrial detainee] should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation.").

Case No. 3:18-cr-00089-SLG, *United States v. Spivey*
Order Re Motion Requesting Judicial Recommendation
Page 6 of 6
Case 3:18-cr-00089-SLG   Document 88   Filed 07/31/20   Page 6 of 6